I

## PRYOR v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2954. Decided Sept 22, 1938

R. R. Zurmehly, Columbus, for plaintiff-appellee.

Ralph J. Bartlett, Prosecuting Attorney, Columbus, David B. Sharp, Columbus, and Edmond B. Paxton, Columbus, Asst. Pros. Attys., for defendant-appellant.

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on defendant's appeal on question of law from the judgment of the Court of Common Pleas of Franklin County, Ohio. The plaintiff, Robert Pryor, on and prior to July 10, 1930, was an employee of the Federal Chemical Company in Franklin County, Ohio. The employer company employed more than five persons and had complied with the provisions of the Workmen's Compensation Law whereby injured employees were entitled to participate in the fund. On the above date the plaintiff, Robert Pryor, was severely injured in the course of his employment. He received a fracture of both legs and a deep laceration of the right arm in the region of the elbow and multiple contusions and abrasions. Shortly following the date of the injury plaintiff filed his application with the Industrial Commission for compensation and upon hearing an award was made to him of temporary total disability to February 27, 1931, and thereafter to September 11, 1932, he was awarded additional compensation for impairment of earning capacity.

All compensation of any character ceased after September 11, 1932. No further action was taken by the plaintiff until June 29, 1937 when he filed with the commission what was designated as "application for modification of award."

The writer of this opinion has always felt that under situations as in the instant case the designation "modification of award" is a misnomer.

Chief Justice Marshall in the case of State ex: Griffey v Industrial Commission of Ohio, 125 Oh St 27, makes reference to the condition under which the designation is improper. It would seem that plaintiff under his present claims very properly might have filed his application for rehearing back in 1932 when he was dropped from the rolls and received no further compensation. §1465-90 GC, expressly states, that the denial of the right of the claimant to continue to receive compensation is a determination on jurisdictional grounds and thereafter may follow

with application for rehearing within thirty days, and if not reinstated, then may appeal to the Common Pleas Court. It would seem that the more appropriate designation of the present proceeding would have been "application for additional compensation" by reason of continuing disability.

However the above is purely voluntary on the part of the author of this opinion, and since no question has been raised we will assume that under the continuing jurisdiction of the commission the present proceeding is in line with the mechanics prescribed on hearings of this character.

Plaintiff's application for modification of order being overruled, application for rehearing was duly presented, after which evidence was taken before a referee. On November 29th, 1937, the commission made the following order:

"That the claim be disallowed on the rehearing; that the commission find from proof offered on rehearing that claimant is suffering from complications arising from the disease of syphilis; that the only theory on which compensation could be based would be upon the theory of aggravation and there is no proof of any pre-existing condition to be aggravated. In making this decision the commission has relied upon the decision of the Supreme Court of Ohio in **Ackerman v Industrial Commission, 131 Oh St 371.**"

Thereafter, within statutory time, appeal was perfected in the Common Pleas Court.

Sec 1465-90, **GC**, provides that the plaintiff, within sixty days following the finding of the commission, may file his petition in the Common Pleas Court. The Code makes no provision as to what the petition shall contain. The question of the scope and nature of the petition naturally suggests itself by reason of the rather anomalous situation through the issues having been joined and the evidence taken before the Industrial Commission previous to the filing of the petition. Under this situation we assume that the plaintiff must have his petition conform to the issues as raised in the hearing before the commission; otherwise, the question might be raised through the pleadings upon which no evidence had been presented. The hearing in the Common Pleas Court under the provisions of the Code being limited to the evidence taken before the Commission and none other is a sufficient reason why the pleading should conform to the issues at the rehearing. The object of the above observation will appear later when we are discussing the claimed errors.

Plaintiff's petition, among other things, alleged the following relative to the claimed disability:

"The plaintiff further alleges that previous to his accident and injury on July 10, 1930, he was an able-bodied man able to do hard manual labor over a long period of hours; that subsequent thereto he has been entirely incapacitated from performing manual labor and that his said disability is the direct and proximate result of said accident.

"Plaintiff further alleges that the shock which he received at the time of the accident on July 10, 1930, which shock was caused by his injuries and by being rendered unconscious, excited a latent syphilitic condition which he had at that time, or aggravated a syphilitic condition which was so quiescent that it caused him no physical handicap or disability, and that said shock has resulted in an active syphilitic condition which has caused him disability ever since said date and that the same was a proximate result of the injury as aforesaid."

The defendant's answer, after admitting plaintiff's employment, his injury on July 10, 1930, while in the course of his employment; the nature and extent of the injury; the filing of his original application for compensation and the proceedings thereunder, then follows with a general denial. The general denial includes the above quoted portions of the allegations of the petition. However, the general denial may not be given a construction that the plaintiff did not have syphilis at all but rather would deny the allegation as plead, that is, that the syphilis which plaintiff admitted he had was aggravated and brought out from a latent status as a result of the shock attending the accident and injury on July 10, 1930. The commission in their finding on rehearing, under date of November 29, 1937, determined that plaintiff was suffering from complications arising from the disease of syphilis, but decline to inquire into the extent of disability or amount of compensation claimed for the reason that there was presented no proof that the syphilis from which plaintiff was suffering existed at the time of the acci-

dent and injury. This is the entire predicate for the action of the commission in disallowing plaintiff's claim. As authority for disallowing the claim the commission relied on the case of **Ackerman v Industial Commission, 131 Oh St 371**. This case very positively sustains its position if correct in their finding of fact. Plaintiff in his petition, had the facts warranted, might have relied entirely on a claim that his present infirmity was traceable wholly and entirely to the accident and attending injuries and thus have placed upon the defendant the obligation of raising through the answer the issue of syphilis. From there on the burden would have been on the defendant to prove the presence of syphilis and the result of its ravages. If the defendant had been able to prove the presence of syphilis and its attending effects, then under the law as set forth in Ackerman v Industrial Commission, supra, the burden would have rested upon the plaintiff to show that the syphilis in at least a latent form was in his system before the date of the accident and that such latent syphilis was aggravated through the accident and attending shock.

Counsel for plaintiff in preparing his petition evidently was confronted with the fact that plaintiff had syphilis and hence had to predicate his pleading on the claim that the shock from the accident lit up a latent syphilis which plaintiff had before the accident.

Therefore the petition and quoted findings of the commission remove as an issue whether or not the plaintiff had syphilis. The issuable question relating thereto is whether or not plaintiff had established by a preponderance of the evidence that it was present in his system before the date of the accident. Counsel for plaintiff urge that the above quoted portions of the petition raises two issues: No. 1, that the first paragraph above quoted is based entirely on the injuries resulting from the accident; 2nd, that the second paragraph was incorporated due to the fact that he knew the claim that was being made by the commission and sought to present the issue of aggravation of syphilitic condition by reason of shock attending the accident. This can not be considered in any sense as an alternative pleading. The allegation is made positively that plaintiff had syphilis; and then follows with the positive statement that the shock has resulted in an active syphilitic condition which has caused disability ever since said date.

The two paragraphs must be read together and leaves no other conclusion than that the syphilis claimed to be lit up through the shock is the cause of plaintiff's present physical disability. Furthermore, we think this conclusion of fact is sustained from the record. The physician called by the plaintiff stated in his testimony that excellent results had followed the report of the broken legs, lacerated elbow and other injuries.

The trial in the Common Pleas Court resulted in a verdict for the plaintiff. Motion for new trial was filed, overruled and judgment entered on the verdict. Within the statutory time defendant filed its notice of appeal on question of law. The following are defendant's issignments of error:

"1. The court erred in the admission of testimony over the objection of the defendant.

"2. The court erred in overruling the motion of the defendant at the close of all the evidence to direct the jury to return a verdict for the defendant."

The first assignment of error refers to the testimony of plaintiff's witness, Dr. H. A. Minthorne (P. 22, 23 record). Counsel for plaintiff propounded to the witness a hypothetical question, among other things containing the assumption that plaintiff's present disability is caused by syphilis. Objection is made to the hypothetical question on the claimed ground that at that time no evidence had been presented as to a syphilitic condition. Objection was overruled and the witness permitted to answer. The trial court in his statement had some question in mind as to whether or not counsel might be anticipating the defense. Our conclusion will not be based on the theory of anticipated defense. We think the question was proper even though no evidence had been presented at that time on the question of syphilis by reason of the fact that the plaintiff's petition in connection with the findings of the commission previously made admitted the presence of syphilis. Therefore it was not an issue requiring the presentation of any testimony.

The question and answer on page 23 is not objectionable and even if we should so hold it would not be prejudicial for the reason that the answer was not helpful to the plaintiff and was to the defendant.

The second ground of error goes to the sufficiency of the evidence to support the verdict. This requires a very careful read-

4

ing and analysis of all the evidence.

The plaintiff was not inquired of at all nor did he give any testimony relative to the history of the syphilis whch he says he had. From the plaintiff we are given no information as to when the syphilitic condition first presented itself. Nor does he state that he never knew that he had this malady. Plaintiff testified that before the accident he had never had any sickness except mumps. He also presented his wife and nephew, both of whom testified that he was an able-bodied man without sickness so far as they knew and had always worked regularly.

Of course this testimony would not suggest the presence of syphilis. It rather would have the opposite effect. His testimony relative to his condition since the accident corroborated by his wife is that he was in the hospital for two months after which he returned home, for a time walked with two crutches, afterwards a crutch and cane, and that he had never been able to walk without the use of a cane. The only evidence presented by the plaintiff relative to the question of syphilis was through the interrogation of Dr. H. A. Minthorne. The inquiry of this witness did not directly relate to any findings of the doctor of the presence of syphilis, but assumed the existence and then asked a hypothetical question designed to present proof of its existence in some form before the accident. We now set forth verbatim the questions and answers:

"Q. Doctor, assuming that Mr. Pryor was married in the year about 1921 and if since that time he has worked regularly, when he could get work, was not required to be off on account of any sickness, and worked about the railroad yards and shops and in this chemical plant, where he was injured on July 10th, 1930, and that the symptoms which he has today occurred shortly after the injury and have progressed all that time, and assuming further that it is caused by a syphilitic condition, which he now has, and that he has had no different exposure to that disease since the accident than he had before, what would you say as to the effect, if any, of the injury which he sustained, upon that syphilitic condition?

A. I would state that an injury of that type could and likely would aggravate any pre-existing latent syphilitic condition that a patient might have. Does that answer it?

Q. What do you mean by 'pre-existing, latent condition'?

A. Well, syphilis that he had prior to his accident, and that the symptoms were in abeyance. That is, they weren't manifest to him.

Q. If he had had no different exposure to that disease since the injury than he had before, what would you say as to whether or not that was a latent condition at the time of the injury?

A. One can't arrive at an opinion as to the latency of a disease,—unless the patient complains of symptoms or shows active signs."

The first hypothetical question as propounded might have been subject to the objection that there was no evidence presented that plaintiff had no different exposure to the disease since the accident than he had before. While the question was objected to, a specific ground was stated, and that was, that there was no evidence of a syphilitic condition. Counsel having specified his ground of objection there can be no error claimed by reason of the court permitting the question to be answered even though it did contain some other matters of substance upon which no evidence had been presented. However, the jury would not have a right to consider the answer unless all the substantive things set out in the hypothetical question were presented through the evidence or through the statements in the pleadings. However, for the normal casting aside this infirmity in the hypothetical question there is nothing in the answer of the doctor from which it could be inferred that the syphilis which the plaintiff had was present before the accident. If there is any doubt on this question it certainly is cleared up by the doctor's answer to the last question where he stated that one can not arrive at an opinion as to the latency of a disease unless the patient complains of symptoms or shows active signs. The question propounded to the doctor to which the above was his answer very clearly and directly asks the doctor whether or not he would say that (the syphilis) was a latent condition at the time of the injury. Boiled down to substance his answer is he could not say. There is no other or further testimony in the record in any way supporting the plaintiff's claim as set out in his petition that the syphilis which he had was present in his system before the accident.

The defendant made no attempt to show when the germs of this disease first presented themselves. It wholly placed reliance

upon the failure of plaintiff's proof and the pronouncement of law set out in **Ackerman v Industrial Commission, 131 Oh, St 371.**

It is our conclusion that there is a total failure of proof on this essential element and therefore the trial court should have sustained the motion for a directed verdict.

Coming now to enter the judgment that should have been entered by the court below, plaintiff's petition will be dismissed at plaintiff's costs.

HORNBECK and GEIGER, JJ, concur.